**F I L E D**

**UNITED STATES COURT OF APPEALS**

**August 21, 2006**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ERNESTO LOPEZ-VASQUEZ,

    Defendant-Appellant.

No. 05-1532
(D. Colo.)
(D.Ct. No. 05-CR-221-LTB)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, and **BARRETT** and **BRORBY**, Senior Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9(G). The case is therefore ordered submitted without oral argument.

Appellant Ernesto Lopez-Vasquez, a federal prisoner represented by

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

counsel, pled guilty to one count of reentry of a deported alien previously convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). The district court sentenced Mr. Lopez-Vasquez to forty-six months imprisonment followed by three years supervised release. Mr. Lopez-Vasquez appeals the district court's sentence; his attorney has filed an *Anders* brief and motion to withdraw as counsel. *See Anders v. California*, 386 U.S. 738, 744 (1967). Exercising our jurisdiction under 28 U.S.C. § 1291, we grant counsel's request to withdraw and dismiss Mr. Lopez-Vasquez's appeal.

Mr. Lopez-Vasquez received a one-count indictment for unlawful reentry of a deported alien previously convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). He entered into a plea agreement in which he admitted his guilt in exchange for the government's agreement to recommend both a one-level reduction for acceptance of responsibility, pursuant to United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") § 3E1.1(b), and a sentence at the bottom of the applicable advisory Guidelines range. At Mr. Lopez-Vasquez's Rule 11 plea hearing, the district court advised him of: 1) the possible penalties he faced for the offense to which he pled guilty; 2) his rights to a jury trial and representation by counsel; 3) the law of the presumption of innocence; 4) the government's burden to prove his guilt beyond a reasonable doubt; and 5) his rights to confront witnesses, to be protected from compelled

self-incrimination, and to compel the attendance of witnesses. The district court also advised him that if he pled guilty, he had the right to appeal the sentencing decision but not his conviction. Mr. Lopez-Vasquez indicated he understood his rights and that by pleading guilty he was giving up those rights.

After Mr. Lopez-Vasquez pled guilty, the probation officer prepared a presentence report in which he calculated Mr. Lopez-Vasquez's sentence, determining: 1) his base offense level was 8, pursuant to U.S.S.G. § 2L1.2(a); 2) the base level should be increased sixteen levels to 24, pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii), because he had been deported following conviction of an aggravated felony; i.e., robbery with the use of a deadly weapon, which constituted a crime of violence; 3) he should receive a three-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1; and 4) the total offense level should be 21. Based on Mr. Lopez-Vasquez's prior criminal history, the probation officer calculated his criminal history level at III, resulting in a Guidelines range of forty-six to fifty-seven months imprisonment. Neither the government nor Mr. Lopez-Vasquez filed an objection to the presentence report; however, Mr. Lopez-Vasquez requested a downward departure because he was raised and has family in the United States; his prior violent crime was over twenty-five years ago; and a disparity of sentence would result because some courts use "fast track" sentencing, while others do not. Based on these

arguments, the probation officer recommended a sentence below the Guidelines range at thirty months imprisonment.

At sentencing, Mr. Lopez-Vasquez's counsel again argued for a sentence below the Guidelines range on grounds:  1) Mr. Lopez-Vasquez's prior aggravated felony for robbery with a deadly weapon occurred over twenty-five years ago, in 1979; 2) the fast track sentencing program causes disparity in sentencing; and 3) cultural assimilation issues exist, given he came to this country when he was fourteen and is now middle-aged, has family (including a son) in the United States, and has no family in Mexico.  The district court considered the parties' arguments, the defendant's statement at sentencing, the principles set forth in *United States v. Booker*,[1] including the use of the Guidelines as advisory, the sentencing factors in 18 U.S.C. § 3553(a)(2), and the findings of fact in the presentence report, to which neither party objected, and then sentenced Mr. Lopez-Vasquez at the low end of the applicable Guidelines range to forty-six months imprisonment.  In so doing, the district court recognized the cultural assimilation difficulties raised by Mr. Lopez-Vasquez, but explained it was imposing a sentence within the Guidelines range based, in part, on Mr. Lopez-Vasquez's multiple illegal reentries and multiple and continuous criminal offenses, which started in 1979, at the age of twenty-one, with robbery with the

---

[1]  543 U.S. 220 (2005).

use of a deadly weapon, and continued with the offenses of statutory rape, unlawful communication with a prisoner, failure to register as a drug offender, grand theft, possession of stolen property, use and under the influence of a controlled substance, petty theft, and most recently, in 2004, possession of heroin. The district court found Mr. Lopez-Vasquez to be a recidivist from which the public needs protection, rejected the fast track program arguments as grounds showing disparity of sentencing; and determined the advisory Guidelines range met all of the statutory factors to be considered. It also explicitly rejected the probation officer's recommendation of a thirty-month sentence, stating it did not satisfy its analysis of a sentence under § 3553(a).

After Mr. Lopez-Vasquez filed a timely notice of appeal, his counsel filed an *Anders* appeal brief, alleging no meritorious appellate issues exist and requesting an order permitting him to withdraw as counsel. *See Anders*, 386 U.S. at 744. Specifically, counsel points out Mr. Lopez-Vasquez knowingly and voluntarily entered his guilty plea, and the district court applied the appropriate factors under 18 U.S.C. § 3553, giving a reasoned analysis for each factor and why it did not warrant a reduction below the applicable advisory Guidelines range. Pursuant to *Anders,* this court gave Mr. Lopez-Vasquez an opportunity to raise points in response to his attorney's *Anders* brief. *Id.* Mr. Lopez-Vasquez responded, stating his counsel was ineffective because he told Mr. Lopez-Vasquez

if he pled guilty he would appeal an enhanced sentence and that because of his counsel's advice, he pled guilty.

We begin with a discussion of the requirements for counsel filing an *Anders* request. While it is counsel's duty to act as an advocate for his client and an officer of the court, "if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." *Anders*, 386 U.S. at 744. After an opportunity for the appellant to respond, this court must "then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. ... If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005).

We first address Mr. Lopez-Vasquez's conviction. His counsel advises, and the record reflects, that the district court complied with all the requirements of Federal Rule of Criminal Procedure 11, and Mr. Lopez-Vasquez was fully advised of his rights during the plea hearing, understood them and the impact of pleading guilty, and entered his guilty plea knowingly and voluntarily. On appeal, Mr. Lopez-Vasquez does not claim his guilty plea was otherwise unknowing and involuntary or that the district court did not comply with Rule 11 requirements,

but he does appear to claim that, but for the alleged ineffective assistance of counsel, he would not have entered his guilty plea. However, at this juncture, we decline to consider his argument. This is because "[i]neffective assistance of counsel claims 'should be brought in collateral proceedings, not on direct appeal. Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed.'" *Calderon*, 428 F.3d at 931 (quoting *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995)).

We next review Mr. Lopez-Vasquez's sentence, noting neither he nor his counsel has raised any argument on appeal contending the sentence is in error, and at sentencing, neither the government nor Mr. Lopez-Vasquez filed an objection to the presentence report. However, at sentencing, Mr. Lopez-Vasquez did request a downward departure based on cultural assimilation grounds, an alleged disparity of sentencing based on certain fast track programs, and the fact his aggravated felony is over twenty-five years old. We review for reasonableness the ultimate sentence imposed. *Booker*, 543 U.S. at 261-62. "We require reasonableness in two respects – the length of the sentence as well as the *method* by which the sentence was calculated." *United States v. Lopez-Flores*, 444 F.3d 1218, 1220 (10th Cir. 2006) (quotation marks and citation omitted), *petition for cert. filed* (U.S. Jul. 7, 2006) (No. 06-5217). If the district court "properly considers the relevant Guidelines range and sentences the defendant

within that range, the sentence is presumptively reasonable," but "[t]he defendant may rebut this presumption by demonstrating that the sentence is unreasonable in light of the other sentencing factors laid out in § 3553(a)." *United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006).

After a careful review of the record concerning Mr. Lopez-Vasquez's sentence, we conclude the district court's sentence is "reasoned and reasonable." *United States v. Tsosie*, 376 F.3d 1210, 1218 (10th Cir. 2004), *cert. denied*, 543 U.S. 1155 (2005). Nothing in the record on appeal indicates the district court incorrectly calculated Mr. Lopez-Vasquez's sentence. It is also clear the district court applied the appropriate factors under 18 U.S.C. § 3553(a) in determining the length of Mr. Lopez-Vasquez's sentence, giving a reasoned analysis and rulings for rejecting his proffered reasons for a sentence reduction below the advisory Guidelines range.

Accordingly, we identify no meritorious appellate issues for our review and therefore **GRANT** counsel's request to withdraw and **DISMISS** Mr. Lopez-Vasquez's appeal.

          **Entered by the Court:**

          **WADE BRORBY**
          United States Circuit Judge